IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| MICHEL BLANCO MORENO, | § | |
| | § | |
| Debtor | § | |
| | § | |
| | § | |
| MICHEL BLANCO MORENO, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-1461-K |
| | § | |
| ALAN HALPERIN, as Trustee of GFES | § | |
| Liquidation Trust, | § | |
| | § | |
| Appellee. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Appellant Michel Blanco Moreno's Motion for Certification Pursuant to Fed. R. App. 5 and 28 U.S.C. § 158(d)(2)(A) to Appeal to the Fifth Circuit Court of Appeals (the "Motion to Certify") (Doc. No. 8). Appellee Alan Halperin, as Trustee of the GFES Liquidation Trust (the "GFES Trustee"), did not file a response. Having carefully considered the Motion to Certify, the relevant portions of the record, and the applicable law, the Court concludes that certification of this matter for appeal to the Fifth Circuit is not appropriate and, therefore, the Motion to Certify is **DENIED**.

ORDER – PAGE 1

The Court recites only the factual and procedural background that is relevant to determining this Motion to Certify. (All page citations herein are to the CM/ECF assigned page number.) Appellant Michel Blanco Moreno ("Appellant") filed Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Louisiana in December 2023. Doc. No. 5-1 at 255. The initial meeting of creditors was adjourned to January 25, 2024, after Appellant received an extension of time to file schedules. *Id.* On February 6, 2024, GEOG (a creditor that is not a party to this action) filed a motion to extend time to object to the debtor's discharge and to file a complaint to determine dischargeability. *Id.* at 256. GEOG requested the extension for itself "and/or the Chapter 7 Trustee". *Id.* The Chapter 7 Trustee did not file a separate motion. On February 26, 2024, Appellee GFES Trustee filed a motion on its own behalf (and no other party) requesting an extension of time to object to the debtor's discharge (Federal Rule of Bankruptcy Procedure 4004) and to file a complaint to determine dischargeability (Federal Rule of Bankruptcy Procedure 4007). *Id.*

Before ruling on the motions for extension of time, the Louisiana bankruptcy court granted another creditor's motion to transfer venue to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on March 27, 2024. *Id.* at 256-57; *see id.* at 257 (case was officially transferred on April 17, 2024). The Louisiana bankruptcy court specifically left the motions for extension of time for

ORDER – PAGE 2

the Dallas bankruptcy court to determine.  Doc. No. 5-2 at 88.  The Dallas bankruptcy court held a hearing on the motions for extension of time on May 16, 2024, orally announced its rulings on May 20, 2024, and entered the order on Appellee GFES Trustee's motion on June 4, 2024.  Doc. No. 5-1 at 257, 258-59, 277.  The bankruptcy court found both Appellee GFES Trustee and GEOG demonstrated cause for extensions of time "for at least three reasons", explaining each reason in turn, and then granted 60-day extensions.  *Id.* at 258-59.  The Dallas bankruptcy court specifically explained that the "extension applies to: GEOG; [Appellee] the GFES Trustee; and, *as requested by GEOG in its motion*, to the Chapter 7 Trustee."  *Id.* at 259 (emphasis added).  In its order, the Dallas bankruptcy court expressly granted the motion to extend time filed only by Appellee "Alan Halperin, in his capacity as Trustee of the GFES Liquidation Trust", extending the deadline to July 23, 2024.  *Id.* at 277.

In his Motion to Certify that is now before the Court, Appellant asks the undersigned to certify the following question for review by the Fifth Circuit:  "Whether a court can or should grant an extension of the 60-day period contained in FRBP 4004 and 4007 to so-called 'piggy-backing' parties who fail to file their own motions to enlarge the 60-day period in the two FRBP cited just above."  Doc. No. 8 at 6.

In the matter before this Court, Appellee GFES Trustee requested an extension of time solely on its own behalf and based on its own motion; Appellee GFES Trustee

ORDER – PAGE 3

did not request said relief for any other party.  Further, on that motion, the Dallas bankruptcy court granted the relief only as to Appellee GFES Trustee.  The question Appellant asks the Court to certify in *this* matter focuses solely on the alleged "piggybacking" issue that involves GEOG and the Chapter 7 Trustee, not Appellee GFES Trustee.  In its own research, the Court could not find, and Appellant does not cite any, legal support for this Court to certify a question to the Fifth Circuit that is centered on facts not before this Court.  The Court concludes, therefore, that it need not address (nor is it appropriate to address) whether the undersigned can certify any of the statutory requirements for direct appeal are present.  *See* 28 U.S.C. § 158(d)(2)(A) (a district court may, "acting on its own motion or on the request of a party to the judgment, order, or decree ... certify that (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken . . . .").

ORDER – PAGE 4

The Court **denies** Appellant's Motion to Certify (Doc. No. 8).  Because the Court has determined this Motion, the Court **DENIES as moot** Appellant's Motion for Status Conference (Doc. No. 9).

**SO ORDERED.**

Signed March 19th, 2025.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 5